Filed 10/30/25  P. v. Sewell CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL DAVID SEWELL,<br><br>Defendant and Appellant. | C101805<br><br>(Super. Ct. No. 08F04953) |

Defendant Michael David Sewell was convicted in 2008 of criminal threats and battery.  The trial court sentenced him to 25 years to life plus six years in prison.

He currently appeals from a 2024 resentencing order that struck a now-invalid prior prison term enhancement but otherwise left his sentence unchanged.  He contends the trial court abused its discretion in declining to reduce the sentence further and that the restitution fine must be vacated.  We vacate the restitution fine and otherwise affirm.

Statutory references are to the Penal Code.

FACTUAL AND PROCEDURAL BACKGROUND

Defendant was charged with two counts of assault with a deadly weapon (§ 245, subd. (a)(1)), criminal threats (§ 422), and misdemeanor battery (§ 242).  As to the first assault count, the People alleged defendant inflicted great bodily injury (§ 12022.7, subd. (a)).  The People also alleged four prior conviction enhancements (former §667.5,

1

subd. (b)), two prior prison term enhancements (§ 667.5, subd. (a)), and seven prior strikes (§§ 667, subd. (b)-(i), 1170.12).

The jury found defendant guilty of criminal threats and battery but failed to reach a verdict on the assault counts, and they were dismissed. The trial court found true the nine prior conviction allegations, including two prior strikes. It also found true the allegations that defendant served two prior prison terms.

The trial court denied defendant's *Romero*[1] motion and sentenced him to 25 years to life for the criminal threats charge, five years for the prior serious felony enhancement (§ 667, subd. (a)), one year for the prior prison term enhancement (former § 667.5, subd. (b)), and time served for the battery count.

Defendant appealed and another panel of this court affirmed the judgment. (*People v. Sewell* (May 10, 2010, C060587) [nonpub. opn.].)

In 2024, the trial court received notice from the California Department of Corrections and Rehabilitation that defendant was eligible for resentencing under section 1172.75. Defendant filed a resentencing brief requesting the trial court dismiss the now-invalid prior prison term enhancement (former § 667.5, subd. (b)) pursuant to section 1172.75, the five-year serious conviction enhancement (§ 667.5, subd. (a)) pursuant to section 1385, subdivision (c), and the prior strike convictions (§§ 667, subd. (b)-(i), 1170.12) pursuant to *Romero* and section 1385, subdivision (a).

At the resentencing hearing, defendant argued he was no longer a risk of danger to society because of his rehabilitative efforts in prison, lack of major disciplinary actions, and the amount of time he had already served on the sentence. The People conceded only that the trial court must strike the now-invalid prior prison term enhancement and argued the court should not further reduce defendant's sentence, citing his convictions for violent felonies. After considering the parties' briefs, exhibits, the probation report, and

---

[1]     *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.

argument, the trial court struck the prior prison term enhancement but declined to strike any other enhancement or prior strike conviction.

In explaining its refusal to dismiss defendant's prior strike convictions under *Romero*, the trial court stated it was "fully aware of the specific language in Penal Code Section 1172.75(d)(1) and in (d)(2)[,] . . . that [defendant] is entitled to the opportunity for a full resentencing hearing, and [that] he is entitled to argue the relief under any ameliorative changes in law that reduce sentences" and that, after it "carefully and thoroughly considered the filings," it declined to exercise its discretion to further reduce the defendant's sentence beyond striking the one now-invalid prison prior enhancement. The court "considered and weighed various individualized factors relative to the [d]efendant, the circumstances of the current [of]fense, the nature of the prior strike convictions, and the [d]efendant's other criminal history," as well as its "duty to consider all relevant factors and [look] at the totality of the circumstances."

The court found: "Defendant was almost 44 years old when he committed this serious felony that led to the three-strikes sentencing in this case. It all began with a physical altercation at his sister's house almost exactly 16 years ago today. The altercation started with his 15-year-old nephew and ultimately involved the [d]efendant making verbal threats and grabbing a kitchen knife. When it was all said and done, the [d]efendant's 18-year-old nephew had been stabbed in the back, and the 15-year-old had been able to run out of the home and get away despite being chased by [defendant]."

The trial court then recited defendant's past criminal conduct that included forcible rape, and two first degree residential burglaries. The court acknowledged the convictions were remote and that defendant was young when he committed these crimes but found that his youth "[t]o the extent [it] may be deemed a mitigating factor, it is far outweighed by the nature of the circumstances, brutality, and magnitude of the crimes themselves, and the fact that he did not cease his criminality." The trial court acknowledged the positive strides defendant had made in prison including: completing

3

high school, taking college courses, participating in career development, holding various jobs, availing himself of self-help and rehabilitative programing, having minimal disciplinary record, and receiving several certificates as detailed in the probation report.

The trial court also declined to dismiss the serious felony enhancement, considering "the same *Romero* factors and totality of the circumstances" and incorporating "the same balancing and reasoning" for declining to dismiss the prior strikes. It found: "[D]ismissing the five-year enhancement, which would accelerate [defendant's] potential release from prison, would subsequently endanger the public safety as that term is defined in Penal Code Section 1385. [¶] [Defendant] has demonstrated repeatedly his propensity to pose a serious danger to the community, in particular through violent acts and attacks. On balance, neither the passage of time thus far, his current age, nor his rehabilitative efforts to date[,] even when combined[,] outweigh the likelihood that his release wouldn't result in physical injury or other serious danger to others." (RT 20) It concluded, "the fact that the current offense is not a violent felony[,] as defined in the Penal Code, combined with the fact that the five-year prior is now 37 years old, combined with the fact that 60-year-old [defendant] has made positive efforts in prison during the last 15 or so years, are rebutted and outweighed by the nature, circumstances, and impacts of his criminal conduct and history."

Defendant timely appeals.

DISCUSSION

A. *Abuse of Discretion*

Defendant claims the trial court abused its discretion in declining to strike the prior serious felony enhancement because the trial court did not assess his future dangerousness if the trial court dismissed the enhancement and that insufficient evidence supports a finding that dismissal of the enhancement would result in him being a danger to public safety. We disagree.

4

Section 1385, subdivision (c)(1) states, "[n]otwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so." Under section 1385, subdivision (c)(2), in exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in subparagraphs (A) to (I) are present. Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety. (§ 1385, subd. (c)(2).) "Endanger public safety" means there is a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others. (*Ibid.*) Section 1385, subdivision (c)(2) "does not require the trial court to consider any particular factors in determining whether 'there is a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others.' " (*People v. Mendoza* (2023) 88 Cal.App.5th 287, 299.)

We review a trial court's decision whether to strike or reduce an enhancement under section 1385 for abuse of discretion. (*People v. Mendoza*, *supra*, 88 Cal.App.5th at p. 298.) " ' "[T]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. [Citation.] In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review." ' " (*People v. Carmony* (2004) 33 Cal.4th 367, 376-377.) But " 'an abuse of discretion arises if the trial court based its decision on impermissible factors . . . or on an incorrect legal standard.' " (*People v. Gonzalez* (2024) 103 Cal.App.5th 215, 225.)

A finding that defendant is presently a danger to society is not sufficient to decline to place great weight on the mitigating factors contained in section 1385, subdivision (c). (*People v. Gonzalez*, *supra*, 103 Cal.App.5th at pp. 230-231.) Before it can decline to give great weight to relevant mitigating circumstances, a trial court must examine

5

whether the defendant would present a danger to society on the future date he might be released if the trial court struck enhancements from his sentence. (*Ibid*.) A failure to do so is an abuse of discretion. (*Ibid.*)

"Although the current dangerousness of the defendant is an appropriate factor to consider, as it will have some bearing on whether dismissing the enhancement would endanger the public, a crucial part of the inquiry is how the dismissal of the enhancement will impact the length of the defendant's sentence. A currently dangerous defendant who will be released from prison within a short timeframe might be found by the trial court to pose a greater danger to the public than a defendant who is currently dangerous but who has no prospect of release from prison until he is elderly." (*People v. Gonzalez*, *supra*, 103 Cal.App.5th at p. 228.)

Here, the trial court conducted a forward-looking inquiry, supported by substantial evidence, and found that dismissing the prior serious felony enhancement "would accelerate [defendant's] potential release from prison [and] would subsequently endanger the public safety." Contrary to defendant's assertion, the record supports the conclusion the trial court understood its discretion and considered appropriate factors. The court considered and balanced the totality of the circumstances, including defendant's age; present mitigating factors; his efforts to improve himself while in prison; his minimal prison disciplinary record; the nature, circumstances, and impacts of his criminal conduct; and his criminal history. On balance the trial court found that, even when combined, the mitigating factors did not outweigh the nature, circumstances, and impacts of defendant's criminal conduct. And the trial court further found that defendant's criminal conduct "outweigh[ed] the likelihood that his release wouldn't result in physical injury or other serious danger to others." Accordingly, defendant has not met his burden to demonstrate an abuse of discretion.

6

B. *The Restitution Fine Must Be Vacated*

Defendant claims the restitution fine must be vacated because more than 10 years have elapsed since the court imposed the fine. The People agree, and so do we.

Effective January 1, 2025, Assembly Bill No. 1186 (2023–2024 Reg. Sess.) (Stats. 2024, ch. 805, § 1) amended section 1465.9 to add subdivision (d), which provides: "Upon the expiration of 10 years after the date of imposition of a restitution fine pursuant to Section 1202.4, the balance, including any collection fees, shall be unenforceable and uncollectible and any portion of a judgment imposing those fines shall be vacated."

Defendant argues this provision applies retroactively to his sentence. (See *In re Estrada* (1965) 63 Cal.2d 740, 748 [absent evidence to the contrary, we presume ameliorative criminal statutes apply retroactively to all nonfinal judgments].) We agree.

Here, the trial court imposed a restitution fine of $6,200 when it sentenced defendant in 2008. Relief under section 1465.9, subdivision (d) is determined by "the date of imposition of a restitution fine." The plain and commonsense meaning of the statutory language leads us to conclude the "date of imposition" was the 2008 sentencing date. Because more than 10 years have elapsed since the date of imposition, we order the restitution fine vacated.

## DISPOSITION

The $6,200 restitution fine imposed pursuant to section 1202.4, subdivision (b) is vacated.  The trial court shall prepare an amended abstract of judgment reflecting that the restitution fine has been vacated.  The trial court shall then forward the amended abstract of judgment to the appropriate entities.  In all other respects, the judgment is affirmed.


\_\_/s/_____
MESIWALA, J.


We concur:


\_\_/s/_____
MAURO, Acting P. J.


\_/s/_____
BOULWARE EURIE, J.